IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DEVONTA CUNNINGHAM, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN GOVERNMENT OF )<br>NASHVILLE and DAVIDSON COUNTY, )<br>et al., )<br>)<br>    Defendants. ) | No. 3:11-0163<br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE BROWN |

To: The Honorable Todd J. Campbell

**REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 19). The Plaintiff has not filed a Response. For the reasons stated below, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss be **GRANTED** and that this action be **DISMISSED**.

I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff is proceeding *pro se* in forma pauperis and was being held at the Davidson County Sheriff's Office ("DCSO") as a pretrial detainee at the time of the complaint. (Docket Entry 1-2, 4). Plaintiff filed this lawsuit against the Metropolitan Government of Nashville and Davidson County ("Metro"), Sgt. Thomas Wright ("Wright"), and ABL Food Service ("ABL"), alleging that all three violated his rights under 42 U.S.C. § 1983. (Docket Entry 1). Plaintiff's form complaint was filed on February 22, 2011. *Id.* Defendants filed a Motion to dismiss for failure to state a claim on May 4, 2011, two days after the filing deadline. (Docket Entry 19).

1

Plaintiff filed a motion for default judgment on May 11, 2011. (Docket Entry 22). That motion was denied on May 13, 2011, on the grounds that Defendants' two-day delay in filing their responsive pleading was not such an "extreme case" that warranted the drastic step of default judgment. (Docket Entry 23).

All the following facts are those as alleged in Plaintiff's complaint. (Docket Entry 1). Plaintiff is a pretrial detainee being held at DCSO. On the afternoon of January 28, 2011, Plaintiff was given an eating tray that still contained leftover grits from that morning's breakfast. Plaintiff informed Sgt. Thomas Wright, a corrections officer, to exchange the tray, which Wright refused to do.[1] Plaintiff then asked Wright to take a photograph of the tray, which another officer, Sgt. Crowely,[2] eventually did. Plaintiff was then told that the photograph would remain on file until obtained by his legal representative.

Plaintiff alleges that the January 28, 2011 incident was the fifth time that he has received an "unsanitary food tray" and has advised Wright of the problem, to which Wright has "failed to do anything about it." Plaintiff also alleges a "serious food born illness" [sic] that has already occurred. Plaintiff's complaint against ABL Food Service, who is under contract with the DCSO to provide food to pretrial detainees, alleges that the food is prepared and served under conditions which present an immediate danger to his health and well-being.

With respect to Wright, Plaintiff alleges that he "failed to act on a constitutional violation" because he knew of and should have known of the danger presented by the unsanitary

---

[1]According to the complaint, Wright told Plaintiff to "quit joking and eat the tray."

[2]This officer's name and its spelling are given by Plaintiff.

food trays. Plaintiff claims that Wright had the power to correct the violation and the duty to act to correct it.

Plaintiff's complaint against Metro is less clear, but it seems to allege that the unsanitary food violates his Eighth and Fourteenth Amendment rights, as a pretrial detainee is entitled to a sanitary environment as a "basic human need." Plaintiff also alleges that the food handlers are not medically certified.

## II. LEGAL DISCUSSION

### A. Standard of Review for Motion to Dismiss

When evaluating a defendant's motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party bears the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89, 89 (2007). FRCP 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The district court need not treat as true "bare assertions or legal conclusions" and must evaluate the remaining factual allegations to determine if they are sufficient to "raise the right to relief above the speculative level." *Id.* Only claims that cross the line from possibility to plausibility are sufficient to state a claim. *Id.* This does not require a district judge to conduct an inquiry into the probability that the claim will succeed or that the facts are indeed true, but instead it simply calls for enough facts to raise a "reasonable

expectation" that discovery will reveal evidence of the alleged illegal conduct. *Id.* at 545. When the non-conclusory facts suggest two possible conclusions, one of which is alleged by the complaint but the other of which is more plausible, a court may dismiss the complaint for failing to cross the plausibility line. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951-52 (2009). The court need not review the claim for its probability success but rather should determine whether the alleged facts allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### B. Section 1983 Claims

Section 1983 creates a federal cause of action when any person, acting under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. To assert a claim under § 1983, a plaintiff "must establish: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). To constitute state action under § 1983, the deprivation must be caused by the exercise of some right or privilege created by the state or by a person for whom the state is responsible. *West v. Atkins*, 487 U.S. 42, 49 (1988). Pretrial detainees asserting § 1983 claims do so under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment, which is reserved for convicted prisoners. *See City of Revere v. Mass. General Hosp.*, 463 U.S. 239, 244 (1983).

### C. The Claims Against Sgt. Wright

In order to state a § 1983 claim against a prison official under the Eighth or Fourteenth Amendment, a plaintiff must meet two requirements. The first is that the deprivation of the plaintiff's liberty or constitutional right must be "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Only deprivations denying "the minimal civilized measure of life's necessities" are actionable. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Examples of actionable conduct include imposing cruel conditions of confinement or deprivation of food, water, or medical care. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

If this requirement is met, then the plaintiff must show that the prison official committed this conduct with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The primary inquiry is whether the prison official exhibited "deliberate indifference" to inmate health or safety. *Id.* at 835 *(citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference" is a subjective inquiry requiring that the prison official know of and disregard an excessive risk to inmate health or safety; the official must be aware of facts from which an inference can be drawn that a serious risk of harm exists, and he must in fact draw the inference. *Id*. at 837. Negligence is not sufficient to establish deliberate indifference. *Id.* at 835 (*citing Estelle,* 429 U.S. at 104).

Plaintiff's claims simply do not allege that Sgt. Wright's conduct deprived him of any sufficiently serious constitutional right. Wright's failure to change out a dirty food tray does not deprive Plaintiff of his basic rights to food, water, or medical care. To the extent that Plaintiff may have suffered a food-related illness, he does not allege that Wright failed to request proper medical attention as a result.

Furthermore, Plaintiff does not allege that Wright knew of any serious risk to his health as a result of dirty food trays; there is no evidence that Wright is involved in the preparation of food in any way. Even if Wright knew of the existence of one or two dirty food trays, his ignorance of that condition does not rise to the level of knowledge that a serious risk of harm exists. Wright, at best, was negligent in failing to report the dirty food trays, which is not sufficient to establish the "sufficiently culpable state of mind" required for liability under § 1983. *Farmer*, 511 U.S. at 834.

### D. The Claims Against ABL and Metro

A private entity which contracts with the state to perform a traditional state function, such as providing services to prison inmates, may be sued under § 1983 as one acting "under color of state law." *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). However, municipalities and corporations cannot be held liable on a theory of *respondeat superior* – they cannot be held liable for merely employing a tortfeasor but must have some level of independent liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal rights violation occurred because of a municipal policy or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Negligent conduct does not amount to a § 1983 violation. *Smoak v. Hall*, 460 F.3d 768, 785 (6th Cir. 2006).

A four-part inquiry determines what constitutes a municipal "policy or custom" for § 1983 claims. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996). As an threshold matter, however, the conduct in question must be unconstitutional under § 1983. *Id.* While deliberate and unnecessary withholding of food to prison inmates can violate constitutional rights, a

complaint about the "preparation or quality" of prison food is generally far removed from such concerns. *Cunningham v. Jones*, 567 F.2d 653, 653, 659-60 (6th Cir. 1977). Conditions regarding food service must generally be sanitary enough so that inmates are not exposed to an unreasonable risk of disease. *See Ramos v. Lamm*, 639 F.2d 559, 569-72 (10th Cir. 1980). Serious, continuous violations of basic sanitation standards, such as improper storage, handling, and food temperature, may give rise to a § 1983 claim. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1074, 1128 (M.D. Tenn. 1982). However, the fact that prison food may occasionally contain even a foreign object or is sometimes served cold, while unpleasant, does not amount to a constitutional deprivation. *Smith v. Younger*, No. 95-5482, 1999 U.S.App. LEXIS 20168, at *6-7 (6th Cir. Aug. 9, 1999).

As Plaintiff describes it, the condition of the prison food at DCSO does not arise to the level of a Fourteenth Amendment violation for the purposes of § 1983. While continuous, unaddressed "unsanitary trays" may be unpleasant and unappetizing, Plaintiff has not alleged other unsanitary conditions in the food preparation that might pose an unreasonable risk of disease. Plaintiff makes a nonspecific allegation regarding a food-related illness brought on by unsanitary conditions, but a single, isolated instance of illness is not the type of "serious, continuous violation" that can give rise to a § 1983 claim.

Even if the serving of unsanitary food constituted a Fourteenth Amendment violation that might give rise to a § 1983 claim, Plaintiff has not alleged that ABL or Metro has a policy or custom of serving unsanitary food to prison inmates. It is unclear from the complaint whether they are actually or constructively aware of the unsanitary food, and mere oversight amounts to negligence that is not actionable under § 1983. *Smoak*, 460 F.3d at 785. Even an allegation that

7

such a policy exists, which Plaintiff has not made, would amount to a conclusory label under *Twombly* that is not entitled to the presumption of truth in the absence of supporting factual evidence. 550 U.S. at 555. Plaintiff has not alleged that Metro is aware of the unsanitary food, that they approve of this conduct, or even that the serving of dirty trays is a clear, persistent pattern. Without a policy of unsanitary food service, ABL and Metro cannot, as a corporation and municipality, respectively, be held liable under § 1983.

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 15th day of June, 2011.

/S/ Joe B. Brown
Joe B. Brown

United States Magistrate Judge